IRENE L. GRINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griner v. Commissioner
Docket No. 45342-86
United States Tax Court
T.C. Memo 1990-301; 1990 Tax Ct. Memo LEXIS 319; 59 T.C.M. (CCH) 903; T.C.M. (RIA) 90301; June 18, 1990, Filed *319 Decision will be entered for the respondent. Robert *320 H. Wyshak, for the petitioner. Marsha R. Yowell, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 30,835.00
$ 1,542.00
n/a
n/a
1981
37,541.00
n/a
$ 1,877.00
50% of the interest
due on $ 37,541.00
The issues for consideration are: (1) whether petitioner underreported income on returns filed jointly with her former spouse for taxable years 1980 and 1981; (2) whether petitioner is liable for additions to tax pursuant to section 6653(a) for taxable year 1980, and sections 6653(a)(1) and 6653(a)(2) for *321 taxable year 1981; and (3) whether petitioner is entitled to relief under section 6013(e) as an innocent spouse. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Huntington Beach, California, when she filed her petition. Petitioner married Thomas Griner, a chiropractor, in 1974. They separated on April 22, 1983 and were divorced on July 19, 1984. In 1975 petitioner began managing Thomas' chiropractic office. Her duties included scheduling appointments, keeping the books, and depositing receipts. Thomas, with the aid of an accountant, would later prepare their Federal income tax returns based on the records maintained by petitioner. Petitioner and Thomas reported profits from the chiropractic office of $ 76,002 and $ 67,976 on their joint Federal income tax returns for 1980 and 1981, respectively. In April of 1980, petitioner's son, a chiropractor, joined Thomas' practice and took over some of petitioner's responsibilities as office manager. However, petitioner continued to keep the books and records for the office, to collect *322 and deposit receipts, to schedule appointments, and to write checks for personal and business expenses. Pursuant to the divorce proceedings, petitioner was awarded alimony of $ 2,250 monthly and use of the family residence until its sale. Thereafter petitioner was to receive $ 3,000 monthly until April 9, 1987. In addition to alimony, petitioner received the following distribution of community assets, which were acquired during the marriage: (1) $ 260,000 in cash; (2) $ 10,000 for attorney's fees; (3) one half the value of Thomas' Keogh plan, or $ 57,000; (4) a Mercedes Benz automobile; (5) a house and furniture located in Huntington Beach, California; and (6) one half of miscellaneous money market funds. On May 9, 1983, Thomas informed respondent's criminal investigation division that he and petitioner had underreported the profits from the chiropractic office for the years at issue. He filed amended returns on which he reported profits from the chiropractic office of $ 129,909 for 1980, and $ 132,837 for 1981. Because petitioner had possession of the office's books and records, Thomas made estimates of the profits for the two years based on the number of patients he had treated. *323 Petitioner refused to sign the amended returns. During the examination of the returns at issue, petitioner refused to provide books and records to respondent and refused to meet with respondent to discuss the case. Respondent determined that the actual profits from the chiropractic office were $ 136,067 for 1980, and $ 146,446 for 1981. OPINION I. Unreported Income
Section 61 defines gross income as "all income from whatever source derived." Taxpayers are required to maintain books and records sufficient to establish the amount of their gross income. Sec. 1.6001-1(a), Income Tax Regs. Where taxpayers do not maintain adequate records, respondent is entitled to use any reasonable means of reconstructing income. Llorente v. Commissioner, 74 T.C. 260, 266 (1980), affd. in part and revd. in part 649 F.2d 152 (2d Cir. 1981). The burden is on petitioner to prove that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). As a preliminary matter, we dismiss petitioner's claim that respondent's deficiency determination is arbitrary, and that therefore respondent bears the burden of going *324 forward with the evidence. Jackson v. Commissioner, 73 T.C. 394, 401 (1979). When petitioner asks this Court to find the statutory notice arbitrary, she is asking us to look behind the statutory notice to examine the evidence used or the propriety of respondent's administrative procedure in making the determination. As a general rule, we will not do so. Jackson v. Commissioner, supra; Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). This Court has recognized a strictly limited exception to the general rule in cases involving unreported illegal income where respondent introduced no direct evidence. Llorente v. Commissioner, supra at 264; Jackson v. Commissioner, supra at 401. However, the instant case does not involve illegal income, and we therefore will not look behind the statutory notice of deficiency. Furthermore, respondent has provided evidence connecting petitioner to the income producing activity. Petitioner's attempt to shift the burden of going forward with the evidence stems from her failure to introduce any evidence showing that respondent's determination *325 of the profits from the chiropractic office is incorrect. We find that she has failed to satisfy her burden of proof, and therefore sustain respondent's determination. II. Additions to Tax
Section 6653(a) and, beginning with taxable year 1981, section 6653(a)(1), provide for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Negligence under sections 6653(a) and 6653(a)(1) is the lack of due care or the failure to act as a reasonable person would act under the same circumstances where there is a legal duty to act. Nealy v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that no part of the underpayments for 1980 and 1981 is due to negligence or intentional disregard of rules and regulations. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972). We *326 find that petitioner has failed to prove that any part of the underpayments for 1980 and 1981 was not due to negligence. Respondent's determination regarding the additions to tax under sections 6653(a), 6653(a)(1), and 6653(a)(2) is therefore sustained.
III. Relief as an Innocent Spouse
Under section 6013(d)(3), if a husband and wife file a joint return for a year, then "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Under section 6013(e), if certain requirements are met for a year, then a spouse may be relieved of a portion of this joint tax return liability for the year. Section 6013(e)(1) provides that: (a) where a joint return was filed, (b) on that return there is a substantial understatement of tax which is attributable to grossly erroneous items of one spouse, (c) the other spouse establishes that in signing the return he or she did not know and had no reason to know that there was such substantial understatement, and (d) taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for the deficiency in tax for such taxable year attributable to such substantial *327 understatements, then the spouse to whom the substantial underpayment was not attributable is relieved from liability for the tax on such substantial understatement. Petitioner bears the burden of proving that she has satisfied each statutory requirement of section 6013(e). Failure to prove any one of the statutory requirements will prevent petitioner from qualifying for relief. Stevens v. Commissioner, 872 F.2d 1499, 1504 (11th Cir. 1989), affg. a Memorandum Opinion of this Court; Purcell v. Commissioner, 826 F.2d 470, 473 (6th Cir. 1987), affg. 86 T.C. 228 (1986); Bokum v. Commissioner, 94 T.C. 126 (1990); Sonnenborn v. Commissioner, 57 T.C. 373, 381-383 (1971); Rule 142(a). We find that petitioner knew or had reason to know of the substantial understatements. The standard to be applied in determining whether a putative innocent spouse has "reason to know" under section 6013(e)(1)(C) is whether "a reasonably prudent taxpayer under the circumstances of the spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation *328 was warranted." Stevens v. Commissioner, 872 F.2d at 1505 (fn. ref. omitted); Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), affg. on this issue and revg. on another issue a Memorandum Opinion of this Court. Petitioner served as the bookkeeper for the chiropractic office during 1980 and 1981. She scheduled appointments for patients and regularly deposited office receipts in the bank account she held jointly with Thomas. She was aware of the number of patients Thomas was treating and the profits the office was producing. We find that petitioner has failed to prove that she did not know, and had no reason to know, that the profits from the office as reported on her tax returns constituted a substantial understatement of the actual profits. We also find that petitioner has failed to prove that it is inequitable to hold her liable for the deficiencies in tax. A factor to be considered in determining whether it is inequitable to hold a person liable for a deficiency in tax is whether the person seeking relief significantly benefitted, directly or indirectly, from the items omitted from gross income. Sec. 1.6013-5, Income Tax Regs. Petitioner *329 received substantial assets in her divorce proceedings, and she has introduced no evidence showing that these assets were not, in part, attributable to the substantial understatement for the years at issue. Petitioner therefore fails to qualify for relief under section 6013(e). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩